McDANIEL v GENERAL MOTORS CORPORATION

Docket No. 65747. Submitted June 22, 1983, at Detroit.—Decided October 11, 1983.

Caroline McDaniel, an employee of the Fisher Body Division of General Motors Corporation, filed a petition for hearing with the Bureau of Workers' Disability Compensation alleging that she sustained a personal injury while working for Fisher Body and that the injury resulted in a mental disability. The hearing referee awarded benefits to McDaniel. General Motors appealed to the Workers' Compensation Appeal Board, which reversed the decision of the hearing referee, finding that there was no precipitating work-related event which produced McDaniel's disability. McDaniel appealed. *Held:*

The WCAB's findings of fact are supported by the evidence and the Court of Appeals cannot disturb, absent fraud, the WCAB's findings of fact if there is any evidence in the record to support them. Furthermore, McDaniel's claim that the WCAB erred as a matter of law by applying an objective standard of causation to a psychiatric disability claim is erroneous. The WCAB was not required to apply the subjective causal nexus standard in this case because it determined as a matter of fact that no personal injury occurred.

Affirmed.

Workers' Compensation — Mental Disorders — Subjective Test.

A three-part test is used to determine whether an employee suffers from a mental disorder which is compensable under the Workers' Disability Compensation Act; the test is: (1) whether the worker/claimant is disabled, (2) whether a personal injury, a precipitating, work-related event, occurred, and (3) whether the claimant's employment combined with some internal weakness or disease to produce the disability; a subjective causal nexus standard is to be utilized in deciding the third part of the test.

References for Points in Headnote

82 Am Jur 2d, Workmen's Compensation § 301.

Mental disorders as compensable under workmen's compensation acts. 97 ALR3d 161.

*Bockoff & Zamler, P.C.* (by *Daryl Royal*), for plaintiff.

*Conklin, Benham, McLeod, Ducey & Ottaway, P.C.* (by *Martin L. Critchell*), for defendant.

V. J. Bʀᴇɴɴᴀɴ, P.J., and Wᴀʜʟs and M. E. Doᴅɢᴇ,* JJ.

Pᴇʀ Cᴜʀɪᴀᴍ. Plaintiff appeals by leave granted a Workers' Compensation Appeal Board (WCAB) decision reversing an award of benefits to her. Plaintiff had filed a petition for hearing with the Bureau of Workers' Disability Compensation alleging that she sustained a personal injury while working for the defendant, which injury resulted in a mental disability. The hearing referee awarded benefits in favor of the plaintiff. The WCAB reversed that decision finding that there was no precipitating work-related event which produced plaintiff's disability. The WCAB ruled that plaintiff failed in her burden of proving a work-related disability.

Plaintiff's sole claim on appeal is that the WCAB erred as a matter of law by applying an objective standard of causation to a psychiatric disability claim where *Deziel v Difco Laboratories, Inc (After Remand)*, 403 Mich 1; 268 NW2d 1 (1978), expressly mandates the use of a subjective standard.

It is the function of the WCAB to act as the trier of fact, weighing the credibility of the evidence and drawing reasonable inferences from the facts established. Absent fraud, the WCAB's findings of fact may not be disturbed if there is any evidence in the record to support them. Const 1963, art 6, § 28; MCL 418.861; MSA 17.237(861); *Derwinski v Eureka Tire Co*, 407 Mich 469, 481-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

482; 286 NW2d 672 (1979); *Kostamo v Marquette Iron Mining Co*, 405 Mich 105, 135-136; 274 NW2d 411 (1979). On the other hand, the WCAB's erroneous application of legal standards is properly reversible by an appellate court.

In *Deziel v Difco Laboratories, Inc, supra,* the Michigan Supreme Court established a three-part test for determining whether a mental disorder is compensable. The test is as follows:

"(1) whether the worker/claimant is disabled and (2) whether a personal injury (a precipitating, work-related event) occurred. This Court is only requiring that the subjective causal nexus standard be utilized in deciding (3) whether the claimant's employment combined with some internal weakness or disease to produce the disability." *Deziel v Difco Laboratories, Inc, supra,* p 37.

Plaintiff argues that the WCAB misapplied the subjective causal nexus standard in denying compensation as it was clear from the testimony that plaintiff honestly perceived that her employment caused her disabling mental condition. We disagree. After reviewing the record and the briefs in this matter, we find that the WCAB applied the correct legal standard. In applying the *Deziel* test, the WCAB found that, although plaintiff was disabled for a period of time, plaintiff failed to establish that a work-related personal injury occurred. Under (2) of the *Deziel* test, the claimant must establish the existence of a triggering or precipitating work event. This requirement must be met before the WCAB utilizes the subjective causal nexus standard in determining (3) of the *Deziel* test, whether the claimant's employment combined with some internal weakness or disease to produce the disability. The WCAB in this case was not required to apply the subjective causal nexus stan-

dard because it determined as a matter of fact that no personal injury occurred. Further, the WCAB's findings of fact are supported by the evidence.

Affirmed.